PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ERNESTO GONZÁLEZ RIVERA, Defendant and Appellant.

No. 8333. Argued June 3, 1941.—Decided June 5, 1941.

*Ciro Malatrasi, Jr.,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People, appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

On January 18, 1940, an information was filed in the District Court of Bayamón against Ernesto González Rivera which reads as follows:

"The district attorney files information against Ernesto González Rivera, for a subsequent offense of burglary in the first degree, felony, committed as follows:

"On or about the twelfth or the thirteenth of June, 1938, during the night, and in the City of Bayamón, Puerto Rico, which is a part of the Judicial District of the same name, the defendant aforesaid, Ernesto González Rivera unlawfully, wilfully and maliciously, and with the intent to commit larceny, entered into the mercantile establishment of R. Cámara & Cía., S. en C., Succrs., located in Comercio Street of said city, and from there he then stole eleven half-gallon oil cans, ten hams and fifty pounds of unground coffee.

"This is a subsequent offense because the defendant aforementioned, Ernesto González Rivera, has been formerly convicted and sentenced as follows: by the District Court of San Juan, on August 25, 1928, to spend one year in prison, for burglary in the first degree; by the same court and in two cases of burglary in the first degree, on September 21, 1931, to one year in prison in each case; by the District Court of Bayamón on September 21, 1931, to one year and six months in prison for the same offense and by the District Court of Aguadilla, on September 24, 1931, to two years in prison for the same offense, which sentences the defendant has totally extinguished.

"This fact is contrary to law and to the peace and dignity of 'The People of Puerto Rico'."

The defendant was arraigned and he pleaded not guilty and requested trial by jury.

On April 18, 1940, the day set for the trial, and after the jury had been impanelled, the defendant, upon being asked by the judge as to his plea to the information, through his counsel answered as follows:

"May it please the Court. Your Honor, our principal contention in this case is that at present there is no subsequent offense, since the former convictions with which the defendant is allegedly charged are null and void without any value or effect whatsoever, and they cannot be held as subsequent offenses against the defendant due

to the fact that in each and every one of the convictions charged to the accused he was not, at any time, represented by counsel; he pleaded guilty voluntarily and neither was he informed at any time as to his constitutional right to be aided by counsel. Our contention is, Your Honor, that, referring ourselves, of course, exclusively to the alleged convictions charged as former sentences to show the subsequent offense, in regard to those convictions for which the defendant is charged with the subsequent offense . . . We are ready to prove to this Honorable Court that in none of those convictions and in none of those sentences was the defendant represented by counsel nor was he informed as to his constitutional right to be represented by counsel. We respectfully maintain that those convictions are null and void and that they cannot have any efficacy or effect to prove a subsequent offense.

". . . Now then, as to the facts of this case and in order to speed up the proceedings and to aid in a more efficient administration of justice, we are willing to accept, having heard the defendant's confession, his guilt in relation to the facts charged to him in connection with the burglary for whose commission he is held to answer. At this time, however, we do object and set forth before Your Honor the position of the defendant: that he should not and cannot be convicted of burglary in the first degree (*sic*) inasmuch as he was not represented by counsel in the former prosecutions.

"Court: Does the defendant admit that he was convicted and sentenced in the cases which constitute the subsequent offense?

"Mr. Rivera Cestero: With the sole difference of the dates. Yes, he admits that, but he alleges that those convictions are null and void."

The lower court decided in substance that, to allege the nullity of the former sentences at the trial implied a collateral attack on the same which did not lie, and denied counsel's motion for the decree of said nullity, and refused likewise to admit the evidence which counsel tried to offer in order to show said nullity. The judge then asked the defendant whether he accepted or not his former convictions for the offenses alleged in the information and the defendant, personally and through counsel, accepted the fact. The court then instructed the jury to bring a verdict finding defendant guilty of subsequent burglary in the first degree, and the jury

did so. On motion of the defendant, the judge rendered judgment on the same date, sentencing him to ten years in prison. Defendant appeals from this judgment and alleges that the lower court committed error in denying his motion attacking the validity of the judgments based on which the offense charged had been classified as subsequent, in refusing to admit and consider the evidence offered by defendant, and in entering a plea of guilt by confession of the defendant.

 The three errors may be jointly argued and decided. The plea of conditional guilt made by the defendant in this case was clearly inadmissible and did not lie. From January 18, when the information was filed, until April 18, when the trial was held, three months had elapsed during which the defendant had ample opportunity to raise any legal argument against the information. To wait, not only until the very day of the trial but until the jury which was to try the case had been impanelled, to seek collaterally the decree of nullity of some sentences which the defendant had already extinguished, was more than tardy. In the case of *People* v. *Morales,* 54 P.R.R. 99, 102, where a similar question was raised, the following was held:

"The second question raised by appellant refers to the denial of the motion to strike that portion of the information which charges the accused with conviction of a former offense.

"The question was raised the day set forth for the hearing before the lower court and the judge overruled it because it was presented too late. Even though the grounds do not appear, the order is probably based on sections 152 and 161 of the Code of Criminal Procedure and in the decision interpreting them.

"In *People* v. *Trápaga,* 15 P.R.R. 196, it was said: 'Only objections to the jurisdiction of the court or that the facts stated do not constitute a public offense may be raised at any stage of the proceedings according to section 161 of the Code of Criminal Procedure.' And in *People* v. *Ortiz,* 7 P.R.R. 141: 'Except as provided in section 161 of the Code of Criminal Procedure, a demurrer may not be pleaded at the trial after the information had been read, the offenses charged and the district attorney's witnesses sworn, and even then said demurrer must be pleaded in writing.' It is more clearly

explained in *People* v. *Alomar*, 10 P.R.R. 282: 'It is not error for a court to refuse to consider a demurrer to an information filed by the defendant at the beginning of the trial, because his rights are not prejudiced, inasmuch as under a plea of not guilty he may attack any substantial defect contained in the information, either during the trial or after verdict, by a motion in arrest of judgment.'

"The question having been raised too late in the lower court cannot be sustained now on appeal."

As it may be seen, the case of *People* v. *Alomar, supra,* cited by the appellant, does not uphold his contention.

 As defendant admitted, after the incident to which we have referred, his guilt as to the former offenses as well as to the burglary in the first degree with which he was charged, the lower court did not commit error in instructing the jury to bring a verdict in the manner it did.

The judgment appealed from is affirmed.